1   Natasha Sung (SBN 228633)
    nsung@reedsmith.com
2   Farah Tabibkhoei (SBN 266312)
    ftabibkhoei@reedsmith.com
3   REED SMITH LLP
    355 South Grand Ave., Suite 2800
4   Los Angeles, CA 90071-1514
    Telephone: +1 213 457 8000
5   Facsimile: +1 213 457 8080

6   Douglass G. Hewitt (*admitted pro hac vice*)
    dhewitt@reedsmith.com
7   Claudia L. Cortes (*admitted pro hac vice*)
    ccortes@reedsmith.com
8   Karen E. Vaysman (*admitted pro hac vice*)
    kvaysman@reedsmith.com
9   REED SMITH LLP
    10 S. Wacker Dr. Ste. 4000
10  Chicago, IL 60606
    Telephone:  +1 312 207 1000
11  Facsimile:  +1 312 207 6400

12

    Attorneys for Petitioner OptumRx
13

14              IN THE UNITED STATES DISTRICT COURT

15        FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                        SOUTHERN DIVISION

17  OPTUMRX, a California corporation, as      Case No.: 8:20-CV-2145-JVS-JDE
    successor by merger to Catamaran
18  Corporation, and OPTUMRX in its own        **AMENDED PETITION TO COMPEL
    right                                      ARBITRATION**
19
                            Petitioner,
20
         v.
21
    COPPER BEND PHARMACY, INC.
22  d/b/a Copper Bend Pharmacy;
    MEMORIAL PILL BOX, INC. d/b/a John
23  Kross Pharmacy; AMERICAN
    PHARMACY OF IL, INC. d/b/a Alwan
24  Pharmacy; HUDSON PHARMACY
    GROUP, INC. d/b/a Hudson Drug Shop;
25  KREMER PHARMACY, INC. d/b/a
    Kremer Pharmacy; MORTON ALWAN
26  PHARMACY, LLC; PHARMACY PLUS,
    INC. d/b/a Pharmacy Plus Inc.-Carrollton,
27  Pharmacy Plus Inc.-Roodhouse, Pharmacy
    Plus, Inc.-Whitehall; CARLINVILLE
28  HEALTH & PRESCRIPTIONS, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  d/b/a Sullivan Drugs; JONES DRUG
   STORE, INC. d/b/a Jones Drug Store;
2  TWIN CITY PHARMACY, INC. d/b/a
   Twin City Pharmacy; DISCOUNT
3  DRUGS OF MS, LLC d/b/a Ackerman
   Discount Drugs; MISSISSIPPI
4  DISCOUNT DRUGS, LLC d/b/a
   Mississippi Discount Drugs, Mississippi
5  Discount Drugs #2; MOSBY'S DRUGS
   STORE, LLC d/b/a Mosby's Drugs Store;
6  KEAVENY DRUG, INC. d/b/a Keaveny
   Drug; SOUTHPEAKE ENTERPRISES,
7  INC. d/b/a Newman Family Pharmacy;
   REED PHARMACIES, LLC d/b/a
8  Oakwood Apothecary, Dicks Pharmacy;
   ADIRONDACK PHARMACY, INC.
9  d/b/a Adirondack Pharmacy; C.
   BROWNE, INC. d/b/a Browne's
10 Pharmacy; ROPAT, INC. d/b/a East Hills
   Family Pharmacy; ELGIN DISCOUNT
11 PHARMACY, INC. d/b/a Elgin Discount
   Pharmacy; FIVE POINTS PHARMACY
12 OF COCOA, LLC d/b/a Five Points
   Pharmacy and Wellness; RNE DRUGS,
13 LLC d/b/a Forshag's Drug Store; GRAND
   PLAZA PHARMACY, INC. d/b/a Grand
14 Plaza Pharmacy; HAHNEMANN
   APOTHECARY, INC. d/b/a Hahnemann
15 Apothecary; HARBOR DRUG, INC. d/b/a
   Harbor Drug #2; HIGH MOUNTAIN
16 CORP. d/b/a Ludlow Pharmacy; MIKE'S
   FAMILY PHARMACY, INC. d/b/a
17 Mike's Family Pharmacy; NEW CARE,
   INC. d/b/a New Care Pharmacy; RIVER
18 STREET PHARMACY, INC. d/b/a River
   Street Pharmacy; SRUTHI SWAROOP
19 PHARMACY, INC. d/b/a Rutland
   Pharmacy; SCHMIDT & SONS
20 PHARMACY OF TECUMSEH, INC.
   d/b/a Schmidt & Sons Pharmacy of
21 Tecumseh; SPRINGFIELD PHARMACY,
   INC. d/b/a Springfield Pharmacy;
22 CARLINVILLE HEALTH &
   PRESCRIPTIONS, INC. d/b/a Sullivan's
23 Drugs of Carlinville; SUNSHINE
   PHARMACY d/b/a Sunshine Pharmacy
24 Services; MEDICINE CABINET OF
   MADISONVILLE, LLC d/b/a The
25 Medicine Cabinet; MISH, INC. d/b/a The
   Medicine Shoppe-Lebanon; KIMAR
26 CORP. d/b/a The Medicine Store; TIOGA
   DRUGS CO. d/b/a Tioga Drug;
27 VALENTINE PHARMACY, INC. d/b/a
   Valentine Pharmacy; 5 GUYS RX, LLC
28 d/b/a WellCreek Pharmacy-Bethalto;

AMENDED PETITION TO COMPEL ARBITRATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TOCANE, LLC d/b/a Whitestone Pharmacy; WOLFE'S PHARMACY; WOODLYN PHARMACY, INC. d/b/a Woodlyn Pharmacy; PARIS CLINIC PHARMACY, INC.; and PEARMAN PHARMACY, INC.,

Respondents.

Petitioner, OptumRx, in its own capacity and as the successor in interest to Catamaran Corporation ("Catamaran") (collectively, "OptumRx" or "Petitioner"), for its Amended Petition to Compel Arbitration between Petitioner and the Respondent pharmacies ("Respondents"), alleges:

## NATURE OF THE ACTION

1.    This action arises out of Respondents' attempt to circumvent the parties' clear and enforceable agreement to arbitrate "any and all issues, disputes or controversies between them" by filing an action in Illinois state court styled *Copper Bend Pharmacy, Inc., et al. v. OptumRx, successor by merger to Catamaran Corporation, and OptumRx in its own right*, Case No. 20 L 396 (the "Illinois Action").[1] Respondents' breach of the parties' agreement and forum shopping has denied OptumRx the benefit of the parties' bargain: mandatory arbitration of any dispute or controversy between the parties by a panel of arbitrators with health law expertise in California.  The Court should compel Respondents to honor their agreement to arbitrate and grant any other relief the Court deems just and proper.

2.    Since at least 2012 and continuing through the present, Respondents, forty four (44) corporations or limited liability companies that own or operate independent pharmacies located in various states, submitted claims to OptumRx, or its predecessor, Catamaran, seeking reimbursement for prescription drugs Respondents dispensed to

---

[1] A copy of Respondents' First Amended Complaint in the Illinois Action is attached hereto as Exhibit A.

members of health benefit plans for which OptumRx or Catamaran provided pharmacy benefits administrative services.

3.     In the Illinois Action, Respondents allege that OptumRx violated the parties' agreements (the "Agreements") by underpaying Respondents and improperly denying Respondents' appeals challenging the reimbursements.

4.     The Agreements upon which Respondents base their claims in the Illinois Action, however, require arbitration of "any and all issues, disputes or controversies between" the parties before the American Arbitration Association in California.

5.     Despite their clear obligation to do so, Respondents have refused to arbitrate the parties' dispute and have, instead, initiated the Illinois Action. OptumRx, therefore, seeks an Order compelling Respondents to honor their contractual obligation to submit the dispute underlying the Illinois Action to arbitration in California as mandated by the Agreements.

## THE PARTIES

6.     OptumRx is a California corporation with its principal place of business located at 2300 Main St, Irvine, California 92614. OptumRx is a pharmacy care services company (also referred to as a Pharmacy Benefits Manager or "PBM"), incorporated in California. OptumRx operates nationally to provide various pharmacy-related administrative services to a variety of clients in connection with various health and prescription drug plans and insurance programs.

7.     In July 2015, OptumRx acquired Catamaran, also a PBM, and, as a consequence, succeeded to Catamaran's interests, including agreements with Respondents.

8.     Respondent Copper Bend Pharmacy, Inc., d/b/a Copper Bend Pharmacy is an Illinois corporation with its principal place of business located at 2900 Frank Scott Parkway West, Suite 920B, Belleville, Illinois 62223.

9.     Respondent Memorial Pill Box, Inc., d/b/a John Kross Pharmacy, is a Florida corporation with its principal place of business located at 16618 Sheridan Street,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

AMENDED PETITION TO COMPEL ARBITRATION

Pembroke Pine, Florida 33331.

10.     Respondent American Pharmacy of Illinois, Inc., d/b/a Alwan Pharmacy, is an Illinois corporation with its principal place of business located at 331 N. Western Avenue, Peoria, Illinois 61604.

11.     Respondent Hudson Pharmacy Group, Inc., d/b/a Hudson Drug Shop, is an Illinois corporation with its principal place of business located at 108 N. Market Street, Paxton, Illinois 60957.

12.     Respondent Kremer Pharmacy, Inc., d/b/a Kremer Pharmacy is an Illinois corporation with its principal place of business located at 206A N. Pearl Street, Teutopolis, Illinois  62467.

13.     Respondent Morton Alwan Pharmacy, LLC, is an Illinois limited liability company with its principal place of business located at 419 Maxine Drive, Morton, Illinois 61550.  Upon information and belief, Morton Alwan Pharmacy, LLC's member is a citizen of Illinois.

14.     Respondent Pharmacy Plus, Inc., d/b/a Pharmacy Plus, Inc. – Carrolton, Pharmacy Plus, Inc., – Roodhouse, Pharmacy Plus, Inc. – Whitehall, is an Illinois corporation with its principal place of business located at 508 W. North Main, Carrollton, Illinois 62016.

15.     Respondent Carlinville Health & Prescriptions, Inc., d/b/a Sullivan Drugs, is an Illinois corporation with its principal place of business located at 920 W. Main Street, Carlinville, Illinois 62626.

16.     Respondent Jones Drug Store, Inc., d/b/a Jones Drug Store, is a Missouri corporation with its principal place of business located at 125 Court Street, Jackson, Missouri 63755.

17.     Respondent Twin City Pharmacy, Inc., d/b/a Twin City Pharmacy is a Maryland corporation with its principal place of business located at 106 N. First Street, Marble Hill, Maryland 63764.

18.     Respondent Discount Drugs of MS, LLC, d/b/a Ackerman Discount Drugs

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

AMENDED PETITION TO COMPEL ARBITRATION

is a Mississippi limited liability company with its principal place of business located at 518 Chester Street, Ackerman, Mississippi 39735.   Upon information and belief, Discount Drugs of MS, LLC's members are citizens of Mississippi.

19.     Respondent Mississippi Discount Drugs, LLC, d/b/a Mississippi Discount Drugs, Mississippi Discount Drugs #2 is a Mississippi limited liability company with its principal place of business located at 195 E. Peace Street, Canton, Mississippi 39046. Upon information and belief, Mississippi Discount Drugs, LLC's members are citizens of Florida and Mississippi.

20.     Respondent Mosby's Drug Store, LLC, d/b/a Mosby's Drug Store is a Mississippi limited liability company with its principal place of business located at 1301 E. Peace Street, Canton Mississippi 39046. Upon information and belief, Mosby's Drug Store, LLC's member is a citizen of Mississippi.

21.     Respondent Keaveney Drug, Inc., d/b/a Keaveney Drug is a Minnesota corporation with its principal place of business located at 150 Main Ave., NW, Winsted, Minnesota 55395.

22.     Respondent Southpeake Enterprises, Inc., d/b/a Newman Family Pharmacy is a Virginia corporation with its principal place of business located at 800 Battlefield Blvd., South, Suite 105-107, Chesapeake, Virginia 23322.

23.     Respondent Reed Pharmacies, LLC, d/b/a Oakwood Apothecary, Dicks Pharmacy, is an Illinois limited liability company with its principal place of business located at 17 N. Hamilton Street, Sullivan, Illinois 61951.  Upon information and belief, Reed Pharmacies, LLC's member is a citizen of Illinois.

24.     Respondent Adirondack Pharmacy, Inc., d/b/a Adirondack Pharmacy, is a New York corporation with its principal place of business located at 4057 State Highway 3, Star Lake, New York 13690.

25.     Respondent C. Brown, Inc., d/b/a Browne's Pharmacy is an Illinois corporation with its principal place of business located at 121 W. Springfield Road, Arcola, Illinois 61910.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 6 –

26.    Respondent ROPAT, Inc., d/b/a East Hills Family Pharmacy, is a Pennsylvania corporation with its principal place of business located at 1111 Scalp Avenue, Johnstown, Pennsylvania 15904-3036.

27.    Respondent Elgin Discount Pharmacy, Inc., d/b/a Elgin Discount Pharmacy, is an Oklahoma corporation with its principal place of business located at 7523 US Highway 277, Elgin, Oklahoma 73538.

28.    Respondent Five Points Pharmacy of Cocoa, LLC, d/b/a Five Points Pharmacy and Wellness, is a Florida limited liability company with its principal place of business located at 1108 Lake Drive, Cocoa, Florida 32922.  Upon information and belief, Five Points Pharmacy of Cocoa, LLC's member is a citizen of Florida.

29.    Respondent R&E Drugs, LLC, d/b/a Forshag's Drug Store, is a Louisiana limited liability company with its principal place of business located at 1919 Main Street, Franklinton, Louisiana 70438.  Upon information and belief, R&E Drugs, LLC's members are citizens of Louisiana.

30.    Respondent Grand Plaza Pharmacy, Inc., d/b/a Grand Plaza Pharmacy, is a Pennsylvania corporation with its principal place of business located at 965 Bristol Pike, Bensalem, Pennsylvania 19020.

31.    Respondent Hahnemann Apothecary, Inc., d/b/a Hahnemann Apothecary, is a Pennsylvania corporation with its principal place of business located at 230 N. Broad Street, Philadelphia, Pennsylvania 19102.

32.    Respondent Harbor Drug, Inc., d/b/a Harbor Drug #2 is a Michigan corporation with its principal place of business located at 2046 Black River Street, Ste 2, Deckerville, Michigan 48427.

33.    Respondent High Mountain Corp., d/b/a Ludlow Pharmacy, is a Vermont corporation with its principal place of business located at 57 Pond Street, Ludlow, Vermont 05146.

34.    Respondent Mike's Family Pharmacy, Inc., d/b/a Mike's Family Pharmacy, is a Michigan corporation with its principal place of business located at 8718

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –

AMENDED PETITION TO COMPEL ARBITRATION

Water Street, Ste A, Montague, Michigan 49437.

35.     Respondent New Care, Inc., d/b/a New Care Pharmacy, is a Pennsylvania corporation with its principal place of business located at 711 Bustleton Pike, Feasterville, Pennsylvania 19053.

36.     Respondent River Street Pharmacy, Inc., d/b/a River Street Pharmacy, is a Vermont corporation with its principal place of business located at 100 River Street, Springfield, Vermont 05156.

37.     Respondent Sruthi Swaroop Pharmacy, d/b/a Rutland Pharmacy, is a Vermont corporation with its principal place of business located at 75 Allen Street, Rutland, Vermont 05701.

38.     Respondent Schmidt & Sons Pharmacy of Tecumseh, Inc., d/b/a Schmidt & Sons Pharmacy of Tecumseh, is a Michigan corporation with its principal place of business located at 120 East Chicago Blvd., Tecumseh, Michigan 48286.

39.     Respondent Springfield Pharmacy, Inc., d/b/a Springfield Pharmacy, is a Vermont Corporation with its principal place of business located at 262 River Street, Springfield, Vermont 05156.

40.     Respondent Sunshine Pharmacy, d/b/a Sunshine Pharmacy Services, is a Florida company with its principal place of business located at 104 N. Commonwealth Avenue, Ste 1, Polk City, Florida 33868.

41.     Respondent Medicine Cabinet of Madisonville, LLC, d/b/a The Medicine Cabinet, is a Louisiana limited liability company with its principal place of business located at 211 Covington Street, Madisonville, Louisiana 70447.  Upon information and belief, Medicine Cabinet of Madisonville, LLC's members are citizens of Louisiana.

42.     Respondent Mish, Inc., d/b/a The Medicine Shoppe-Lebanon, is an Ohio corporation with its principal place of business located at 19 N. Mechanic Street, Lebanon, Ohio 45036.

43.     Respondent Kimar Corp., d/b/a The Medicine Store, is a New Hampshire corporation with its principal place of business located at 74 S. Main Street, Concord

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

NH 03301.

44.    Respondent Tioga Drug Company, d/b/a Tioga Drug, is a Pennsylvania company with its principal place of business located at 720 Castlewood Drive, Dresher, Pennsylvania 19025.

45.    Respondent Valentine Pharmacy, Inc., d/b/a Valentine Pharmacy, is a Pennsylvania corporation with its principal place of business located at 92 No. Morgantown Street, Fairchance, Pennsylvania 15436.

46.    Respondent 5 Guys Rx, LLC, d/b/a WellCreek Pharmacy – Bethalto, is an Illinois limited liability company with its principal place of business located at 333 West Bethalto Drive, Ste B, Bethalto, Illinois 62010.  Upon information and belief, 5 Guys Rx, LLC's members are citizens of Illinois, Arizona, and Wisconsin.

47.    Respondent Tocare, LLC, d/b/a Whitestone Pharmacy, is a New York limited liability company with its principal place of business located at 150-43b 14th Avenue, Whitestone, New York 11357.  Upon information and belief, Tocare, LLC's member is a citizen of New York.

48.    Respondent Wolfe's Pharmacy is a Louisiana company with its principal place of business located at 5458 Hwy 56, Chauvin, Louisiana 70344.

49.    Respondent Woodlyn Pharmacy, Inc., d/b/a Woodlyn Pharmacy, is a Pennsylvania corporation with its principal place of business located at 1301 Jefferson Avenue, Woodlyn, Pennsylvania 19094.

50.    Respondent Paris Clinic Pharmacy Inc. is an Illinois corporation with its principal place of business located at 718 East Court Street, Paris, Illinois 61944.

51.    Pearman Pharmacy Inc. is an Illinois corporation with its principal place of business located at 116 West Court Street, Paris, Illinois 61944.

## JURISDICTION AND VENUE

52.    This action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.

53.    This Court has original jurisdiction over this action pursuant to 28. U.S.C.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

AMENDED PETITION TO COMPEL ARBITRATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

§ 1332 in that the action involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

54.    Venue is proper in this Court under 9 U.S.C. § 4 because this Court is the United States District Court with jurisdiction over the site of arbitration agreed to by the parties and specified in the Agreement:  Los Angeles or Orange County, California.

55.    Venue is also proper under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## BACKGROUND

**A.    The Parties' Binding Arbitration Agreements.**

56.    Respondents are independent pharmacies who do business with OptumRx by becoming participating pharmacies in OptumRx's pharmacy provider network and dispensing prescription drugs to members of health benefit plans for which OptumRx administers pharmacy benefit services.

57.    By participating in OptumRx's pharmacy provider network, Respondents gain the business advantage, financial benefit and opportunity to both serve members of the plans for which OptumRx provides administrative services and obtain reimbursement by OptumRx for the prescription drugs Respondents dispense to OptumRx's members.

58.    Independent pharmacies, like Respondents, either contract directly with OptumRx or via pharmacy services administration organizations ("PSAOs"), which are organizations that function as agents of the independent pharmacies and use their significant bargaining power to, among other things, negotiate contracts with PBMs on behalf on their affiliated pharmacies.

59.    Many PSAOs are owned by large wholesalers, such as McKesson Corporation (which operates the nation's largest PSAO, Health Mart Atlas); Amerisource Bergen (which operates the PSAO Elevate); and Cardinal Health (which operates one of the industry's largest PSAOs, LeaderNET).

60.    Each of the Respondents became a participating provider in OptumRx's

– 10 –

network by contracting with OptumRx or Catamaran, either directly or through a PSAO.

61.   Whether the Respondents contracted directly or via a PSAO, the relationship between OptumRx and Respondents is governed by Agreements consisting of both a Provider Agreement and a Provider Manual.

### i.   The Provider Manuals.

62.   The Provider Manual, which is regularly updated, is binding on all Respondents, made available to all participating pharmacies, and readily accessible online.[2] The First Amended Complaint in the Illinois Action alleged that "Each Plaintiff enrolled in Defendants' network of pharmacies, received a Provider Manual from Catamaran and Optum." Exhibit A, ¶ 59. By its terms, the Provider Manual is subject to modification and the pharmacies are responsible for monitoring and complying with all changes to the Provider Manual.

63.   Following OptumRx's acquisition of Catamaran in 2015, the OptumRx Provider Manual became the operative Provider Manual.

64.   Specifically, on November 6, 2015, OptumRx and Catamaran sent the following Provider Manual Update to all contracting pharmacies, which provided in pertinent part as follows:

> In our efforts to continue to collaborate on the delivery of quality healthcare to our Members, we hereby inform you of the revised OptumRx Provider Manual ("Manual"), which replaces and supersedes the previous versions of OptumRx's and Catamaran's respective manuals, and is now available at the following locations:
>
> http://learn.optumrx.com/pharmacymanual

---

[2]   The Provider Manual can be found in its entirety at https://learn.optumrx.com/pharmacymanual. Exhibit 9 to the Amended Declaration of Josh Van Ginkel in Support of Petition to Compel Arbitration ("Van Ginkel Am. Decl."), filed concurrently herewith, attaches excerpts of the 4th Edition of the Provider Manual in effect as of September 3, 2020

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

AMENDED PETITION TO COMPEL ARBITRATION

www.catamaranrx.com/pharmacies[3]

The Manual is incorporated into your pharmacy agreement(s) with OptumRx and Catamaran. Whether you are contracted directly or indirectly through a PSAO or chain, as a participating network pharmacy provider you are responsible for understanding and complying with all of the Manual's terms and conditions. Failure to comply with the Agreement and Manual may result in disciplinary action, up to and including termination from all pharmacy networks. Network pharmacy providers shall routinely consult the Manual to ensure compliance.[4]

65.    Since 2015, the OptumRx Provider Manual (and previously, the Catamaran Provider Manual), has contained a clear and unequivocal arbitration clause, the current version of which provides, in pertinent part, as follows:

**M. Alternative dispute resolution.**

Other than with respect to issues giving rise to immediate termination hereof or non-renewal hereof, the parties will work in good faith as set forth below to resolve any and all issues, disputes or controversies between them (hereinafter referred to as a "Dispute") including, but not limited to all questions of arbitrability or the formation, validity, scope and interpretation of this arbitration agreement, all disputes relating in any way to the parties relationship, the Agreement, or the PM or the breach of either agreement, and all disputes relating in any way to Network Pharmacy Provider's status as a participating Network Pharmacy Provider in the Administrator's network, shall be resolved

---

[3]  This link is no longer active given that Catamaran has ceased to exist as an entity.

[4]  This Provider Manual Update is publicly available in OptumRx's archives at https://learn.optumrx.com/content/dam/orx-rxmicros/pharmacy-manual/archivefaxblasts/2015/20151106_INR_FaxblastFINAL2015-PharmacyManualUpdate-Supersede_NewOptumRx_FINAL.pdf, and is also attached to the Van Ginkel Am. Decl. as Exhibit 3.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

AMENDED PETITION TO COMPEL ARBITRATION

exclusively by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules and Mediation Procedures, as they may be amended from time-to-time.

\* \* \*

The parties acknowledge that this arbitration agreement is part of a transaction involving interstate commerce and that the Federal Arbitration Act ["FAA"] governs both substantive and procedural aspects of this arbitration, including disputes about the interpretation, validity and effect of the Agreement, the PM and any addendums.

2020 (4th Edition) OptumRx Provider Manual, Van Ginkel Am. Decl., Exhibit 9, § IX-M; *see also* 2020 (3rd Edition) OptumRx Provider Manual, Van Ginkel Am. Decl., Exhibit 9-A, § IX-M; 2015-2019 OptumRx Provider Manuals, Van Ginkel Am. Decl., Exhibits 4-8, § VIII-M (containing a similar arbitration clause); 2015 Catamaran Provider Manual, Van Ginkel Am. Decl., Exhibits 1-2, § 1-C (same).

66.    The arbitration clause also provides as follows:

**Any arbitration proceeding under this Agreement shall be conducted in Los Angeles County or Orange County, California.**

2020 (4th Edition) OptumRx Provider Manual, Van Ginkel Am. Decl., Exhibit 9, § IX-M (emphasis added); *see also* 2020 (3rd Edition) OptumRx Provider Manual, Van Ginkel Am. Decl., Exhibit 9-A, § IX-M; 2015-2019 OptumRx Provider Manuals, Van Ginkel Am. Decl., Exhibits 4-8 § VIII-M.

67.    The Provider Manual also expressly prohibits any joint or consolidated action to resolve disputes between the parties:

The parties expressly intend and agree that any Dispute be resolved exclusively on an individual basis and that no other dispute(s) with any

AMENDED PETITION TO COMPEL ARBITRATION

third party(ies) may be consolidated or joined with the Dispute. The parties agree that the arbitrators lack any authority to resolve the Dispute as part of a class action, private attorney general, or other representative or consolidated action or proceeding, and that any ruling by the arbitrators to the contrary conflicts with their intent and would require immediate judicial review of such ruling. **The parties agree to arbitrate a Dispute solely on an individual basis and each waives the right to participate in a class action, private attorney general, or other representative or consolidated arbitration or proceeding in connection with any Dispute.**

2020 (4th Edition) OptumRx Provider Manual, Van Ginkel Am. Decl., Exhibit 9, § IX-M (emphasis in original); *see also* 2020 (3rd Edition) OptumRx Provider Manual, Van Ginkel Am. Decl., Exhibit 9-A, § IX-M; 2015-2019 OptumRx Provider Manuals, Van Ginkel Am. Decl., Exhibits 4-8 § VIII-M (similarly providing).

68.    The Provider Manuals, and the arbitration clauses, are valid and enforceable contracts.

69.    In fact, in the Illinois Action, Respondents specifically allege and admit that the Provider Manuals "set forth in writing the terms of the business relationship between P[etitioners] and [OptumRx] and function as the [C]ontracts[.]" Exhibit A, ¶ 59.

70.    Moreover, by its express terms, the 4th Edition of the Provider Manual clearly and unmistakably delegates any issue of arbitrability, including the scope of the arbitration, to the arbitrator.  2020 (4th Edition) OptumRx Provider Manual, Van Ginkel Am. Decl., Exhibit 9, § IX-M.

71.    In addition, the parties clearly and unmistakably delegated all questions of arbitrability to the arbitrators by incorporating the American Arbitration Association ("AAA") Rules, which explicitly state that the arbitrator retains jurisdiction to decide

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

issues of arbitrability, including the existence, scope or validity of the arbitration agreement. *See* AAA Commercial Arbitration Rules, Rule 2, 7.

72.    Pursuant to Rules 2 and 7 of the AAA Commercial Arbitration Rules, the parties' agreement to arbitrate under the rules authorizes the AAA to administer the arbitration and grants the arbitrators "the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." AAA Commercial Rules, Rule 2, 7.

73.    Even if the parties had not clearly and unmistakably delegated all arbitrability questions to the arbitrators, each of Respondents' causes of actions in the Illinois Action raises a "Dispute" that fits comfortably within the expansive scope of the arbitration clauses contained in the Provider Manuals.

### ii.    The Provider Agreements.

74.    In addition to the binding arbitration clauses contained in the Provider Manuals, the Provider Agreements, which are also part of the parties' Agreements, contain arbitration clauses.

75.    Specifically, Respondents Keaveney Drug, Inc., C. Brown, Inc. d/b/a Browne's Pharmacy, Kimar Corp. d/b/a The Medicine Store have direct Provider Agreements with OptumRx (and not through PSAOs) that contain an arbitration clause, that provides, in pertinent part, as follows:

**10. Dispute Resolution.**

Other than with respect to issues giving rise to immediate termination under Section 5.2.3 hereof or non-renewal under Section 5 hereof, the parties will work in good faith as set forth in Section 10.2[5] to resolve any

---

[5] Section 10.2 sets up a three-step dispute resolution procedure. If a "Dispute" arises, the party asserting the Dispute shall first provide written notice of the Dispute to the other party. *See* Van Ginkel Am. Decl., Exhibits 10-12 and 14, § 10. If the parties are unable to resolve the Dispute within thirty days after the written notice of Dispute is provided, either party may then request in writing a meeting or telephone conference to resolve the Dispute. *Id.* Lastly, either party may commence arbitration (or litigation if

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 15 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and all issues and/or disputes between them (hereinafter referred to as a "Dispute") including, but not limited to all questions of arbitrability, the existence, validity, scope, interpretation, or termination of the Agreement or any term thereof prior to the inception of any litigation or arbitration.

\*\*\*

If the party asserting the Dispute has satisfied the requirements of Section 10.2 hereof, it shall thereafter be submitted to binding arbitration before a panel of three arbitrators in accordance with the Commercial Dispute Procedures of the American Arbitration Association, as they may be amended from time to time (see http://www.adr.org).

\*\*\*

Any arbitration proceeding under this Agreement shall be conducted in Los Angeles County or Orange County, California.

*See* Van Ginkel Am. Decl., Exhibits 10-12 and 14, § 10

76.    Kimar Corp. d/b/a The Medicine Store also has a direct Provider Agreement with OptumRx (and not through PSAOs) that contains an arbitration clause, that provides, in pertinent part, as follows:

**9. Dispute Resolution**

The parties will make a good faith effort to resolve *any* disputes arising during the term of this Agreement.

\*\*\*

If the parties are unable to resolve the dispute in accordance with the

both parties waive arbitration) only if a representative of the party seeking to commence the proceeding certifies in writing that one of the following is true: (i) the Dispute was not resolved after faithfully following the procedures set forth above (in Section 10.2), or (ii) the other Party to the dispute did not fully comply with the procedures set forth above (in Section 10.2). *Id.*

AMENDED PETITION TO COMPEL ARBITRATION

procedures set forth in section 9.1 above, either party may submit the dispute to binding arbitration in accordance with the Rules for the Conduct of Arbitration of the American Arbitration Association (the "Rules") in effect at the date of commencement of such arbitration, by one (1) arbitrator who will be appointed by the American Arbitration Association. The arbitration will take place in Illinois, and will be final and binding.

*See* Van Ginkel Am. Decl., Exhibit 13, §§ 9.1, 9.2.

77.   The remaining Respondents self-reported to the National Council for Prescription Drug Programs ("NCPDP") as affiliated pharmacies with the following PSAOs during all of the relevant time at issue in the Illinois Action: AmerisourceBergen Corporation d/b/a Good Neighbor Pharmacy Provider Network (Elevate), American Associated Druggists, Inc. d/b/a United Drugs (Arete), Community Independent Pharmacy Network, EPIC Pharmacy Network, Inc., Family Care Pharmacy Network a/k/a Family Care Plus Network, GeriMed LTC Network, Inc., Strategic Health Alliance II, Inc. d/b/a AcessHealth (Health Mart Atlas), Leader Drug Stores, Inc. d/b/a LeaderNet, Leader Drug Stores, Inc. d/b/a Medicine Shoppe InterNet, Wholesale Alliance TPS, LLC d/b/a Pharmacy First a/k/a Third Party Station, Pharmacy Providers of Oklahoma, Inc., Sav-Mor Drug Stores, Third Party Network a/k/a H.D. Smith Wholesale Drug Co., and TriNet Third Party Network. The PSAO affiliation of each Respondent as self-reported to the NCPDP is listed in Exhibit 15 to the Van Ginkel Am. Decl.

78.   The Provider Agreements between OptumRx and the foregoing PSAOs[6] (with the exception of Elevate) contain an arbitration clause that provides as follows:

---

[6] As of the filing of this Amended Petition, OptumRx has been unable to locate the agreement between TriNET and OptumRx.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

AMENDED PETITION TO COMPEL ARBITRATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**10. Dispute Resolution**

Other than with respect to issues giving rise to immediate termination under Section 5.2.3 hereof or non-renewal under Section 5 hereof, the parties will work in good faith as set forth in Section 10.2 to resolve any and all issues and/or disputes between them (hereinafter referred to as a "Dispute") including, but not limited to all questions of arbitrability, the existence, validity, scope, interpretation, or termination of the Agreement or any term thereof prior to the inception of any litigation or arbitration.

\*\*\*

If the party asserting the Dispute has satisfied the requirements of Section 10.2 hereof, it shall thereafter be submitted to binding arbitration before a panel of three arbitrators in accordance with the Commercial Dispute Procedures of the American Arbitration Association, as they may be amended from time to time (see http://www.adr.org).

\*\*\*

Any arbitration proceeding under this Agreement shall be conducted in Los Angeles County or Orange County, California.

*See* Van Ginkel Am. Decl.,  Exhibits 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, and 40, § 10.

79.    The Provider Agreements between Catamaran and each of the foregoing PSAOs (with the exception of TriNET) contains an arbitration clause that provides, in pertinent part, as follows:

**9. Dispute Resolution**

The parties will make a good faith effort to resolve *any* disputes arising during the term of this Agreement.

\*\*\*

If the parties are unable to resolve the dispute in accordance with the procedures set forth in section 9.1 above, either party may submit the

dispute to binding arbitration in accordance with the Rules for the Conduct of Arbitration of the American Arbitration Association (the "Rules") in effect at the date of commencement of such arbitration, by one (1) arbitrator who will be appointed by the American Arbitration Association. The arbitration will take place in Illinois, and will be final and binding.

*See* Van Ginkel Am. Decl., Exhibits 16, 17, 19, 23, 25, 27, 29, 31, 33, 35, 37, and 39, §§ 9.1-9.2 (emphasis added); *see also* EPIC Provider Agreement, Van Ginkel Am. Decl., Exhibit 21, § 9.1 (containing slightly different wording, but a similar arbitration clause, providing for arbitration to occur at an agreed upon place).

80.    The Provider Agreements, containing the binding arbitration clauses, are valid and enforceable contracts.

81.    By their own terms, the OptumRx Provider Agreements clearly and unmistakably delegate issues of arbitrability, including the scope of the arbitration clause, to the arbitrator.

82.    In addition, the parties clearly and unmistakably delegated all issue of arbitrability to the arbitrator by incorporating the AAA Rules into the OptumRx Provider Agreements.

83.    Even if the parties had not clearly and unmistakably delegated all arbitrability questions to the arbitrators, each of Respondents' causes of actions in the Illinois Action fits comfortably within the expansive scope of the arbitration clauses contained in the OptumRx Provider Agreements.

84.    According to the express terms of the Provider Manuals, in the event of a conflict between the Provider Manual and the Provider Agreement, the Provider Manual prevails. 2015-2020 OptumRx Provider Manuals, Van Ginkel Am. Decl. at Exhibits 4-9-A, p. 3; 2015 Catamaran Provider Manual, Van Ginkel Am. Decl. at Exhibits 1-2, p. 18.

AMENDED PETITION TO COMPEL ARBITRATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**B.     Respondents' Refusal to Arbitrate their Disputes.**

85.     Notwithstanding, Respondents' clear obligation to arbitrate any dispute arising under the Provider Manuals, Respondents filed the Illinois Action, seeking to hold OptumRx liable under the terms of the Provider Manuals for purported breaches of the Provider Manual based on alleged underpayment of Respondents' claims for reimbursement, including claims submitted during the pendency of the litigation, and denials of Respondent's appeals of those payments. *See, e.g.*, Exhibit A, Counts I-III.

86.     Notwithstanding additional provisions in the respective Provider Agreements obligating Respondents to arbitrate their disputes with OptumRx, Respondents filed the Illinois Action, seeking to hold OptumRx liable under the terms of the Provider Manuals for purported underpayment of Respondents' claims for reimbursement and denials, in bad faith, of Respondent's appeals of those payments. *See, e.g.*, Exhibit A, Counts I-III.

87.     Respondents have refused to submit their disputes to arbitration in accordance with the terms of the parties' binding arbitration Agreements.

**C.     Specific Relief to Compel Arbitration.**

88.     Respondents' attempt to litigate their disputes constitutes a failure, neglect and/or refusal on their part to arbitrate in breach of the parties' binding arbitration Agreements. OptumRx has a substantial likelihood of success on the merits of its claims that Respondents have breached the arbitration Agreements.

89.     Unless compelled to arbitrate, Respondents will continue to prosecute the Illinois Action, in violation of their contractual obligation to arbitrate their disputes with OptumRx.

90.     No previous Petition has been made for the relief requested herein.[7]

---

[7] OptumRx filed a Motion to Compel Arbitration or, in the alternative to dismiss, in the Illinois Action. The briefing on that Motion is ongoing and no decision has been rendered. On November 25, 2020, OptumRx filed a Motion to Stay the Illinois Action pending this Court's Order on this Petition. Briefing on that Motion is ongoing and a hearing on OptumRx's Motion to Stay is set for January 28, 2021.

AMENDED PETITION TO COMPEL ARBITRATION

## **PRAYER FOR RELIEF**

WHEREFORE, OptumRx respectfully requests that the Court enter an Order:

1.      pursuant to 9 U.S.C. § 4 compelling Respondents to arbitrate the parties' dispute concerning OptumRx's obligations to reimburse Respondents for the prescription drugs at issue in the Illinois Action pursuant to the binding arbitration provisions of the Agreements and in accordance with the terms of the Agreements;

2.      granting temporary, preliminary and permanent injunctive relief enjoining Respondents from pursuing the Illinois Action any further; and

3.      granting any other relief this Court deems just and proper.


DATED:  December 15, 2020            REED SMITH LLP


By   /s/ *Farah Tabibkhoei*
Farah Tabibkhoei
Natasha Sung
Douglass G. Hewitt
Claudia L. Cortes
Karen E. Vaysman

Attorneys for Petitioner
OptumRx

AMENDED PETITION TO COMPEL ARBITRATION